IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH DONOHO and<br>CASSIDY HODGE, on behalf of<br>themselves and those similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY OF PACIFIC, MISSOURI,<br><br>Serve:<br><br>Kim Barfield<br>City Clerk<br>300 Hoven Drive<br>Pacific, MO 63069<br><br>  Defendant. | Cause No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW Plaintiffs Deborah Donoho ("Donoho") and Cassidy Hodge ("Hodge") (collectively "Plaintiffs"), by and through undersigned counsel, and for their Complaint against Defendant City of Pacific, Missouri ("Defendant" or "Pacific"), state as follows:

## INTRODUCTION

1. Plaintiff Deborah Donoho is a citizen of the United States who resides in Washington, Missouri. Donoho's Consent to Join this action under 29 U.S.C. § 216(b) is attached hereto as Exhibit 1.

2. Plaintiff Cassidy Hodge is a citizen of the United States who resides in Catawissa, Missouri. Hodge's Consent to Join this action under 29 U.S.C. § 216(b) is attached hereto as Exhibit 2.

3. Plaintiffs bring this lawsuit as a collective action under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201 *et seq*. to recover unpaid overtime owed to them and others similarly situated.  Plaintiffs also assert individual claims for breach of contract and unjust enrichment under Missouri common law to recover unpaid wages owed for work performed during workweeks in which Plaintiffs worked less than forty (40) hours.

4. At all times relevant to this Complaint, Plaintiffs were employees of Defendant as defined by 29 U.S.C. § 203(e)(2)(C) and worked for Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

5. Defendant is a municipal corporation, public agency, and political subdivision located within the State of Missouri and this District.

6. At all times relevant to this Complaint, Defendant was an employer of Plaintiffs as defined by the FLSA, including under 29 U.S.C. §203(d).

7. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions.  This Court's jurisdiction over Plaintiffs' FLSA claims (Count I) is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. This Court also has supplemental jurisdiction over Plaintiffs' Missouri common law breach of contract and unjust enrichment claims (Counts II-III) under 28 U.S.C. § 1367 in that Plaintiff's MMWL claim is so related to her FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant may be found in this District and the challenged conduct occurred in this District.

## FACTUAL ALLEGATIONS

10. Defendant hired Donoho as municipal court clerk in or about November 2016 and transferred her to the Pacific Police Department ("PPD") communication division in or about

2

February 2017, where she worked until November 2018.

11. The management of the PPD consists of a chief of police, captain, and lieutenant, each of whom were agents and employees of Defendant and exercised supervisory authority over dispatchers, including Plaintiffs.

12. Defendant hired Hodge as a dispatcher on or about August 22, 2016 and employed her until on or about June 21, 2018.

13. Defendant classified Plaintiffs as full-time, non-exempt employees.

14. Defendant paid Plaintiffs and other dispatchers on an hourly basis.

15. The primary job duties of dispatchers include answering 911 and other phone calls, working the police dispatch radio, communicating with police officers, and providing reports to other dispatchers at shift change.

16. Dispatchers performed their job duties from the dispatcher room within the PPD and were required to use computers, radios, and other equipment provided by Defendant.

17. Defendant required PPD dispatchers, including Plaintiffs, to arrive for their scheduled shifts 10-15 prior to the scheduled start times.

18. During the time prior to the scheduled shift change, dispatchers signed on to their computers and received reports from the outgoing dispatchers regarding, *inter alia*, calls received during the previous shift, warrants entered during the previous shift, the current status of on-duty police officers, and calls and/or traffic stops in progress.  These duties were an integral part of dispatchers' required duties and constituted one or more of dispatchers' principal activities.

19. Dispatchers recorded their start times on weekly time sheets via a mechanical punch clock at the PPD.

20. Defendant required outgoing dispatchers to continue working beyond the scheduled

3

end of their shifts to give reports to the incoming dispatcher, complete calls in progress, and when call volume was high.  These duties were an integral part of dispatchers' required duties and constituted one or more of dispatchers' principal activities.

21. When finished working, dispatchers recorded the time they stopped working on the same weekly time sheet via the mechanical punch clock.

22. One dispatcher was typically on duty at a time.

23. While on duty, dispatchers could not leave the dispatch room unless another dispatcher or a police officer was in the room and available to perform the dispatcher's duties.

24. PPD dispatchers did not receive scheduled meal breaks and were never completely relieved from duty during their shifts.

25. PPD dispatchers ate meals at their desks in the dispatch room and were required to answer phone calls, communicate with police officers, and perform other job duties during their meals.

26. If a PPD dispatcher required a restroom or other break, he or she had to find an on-duty police officer to work the radio during the break.  If no police officer was available, the dispatcher could not take a break or use the restroom.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

27. Plaintiffs bring this FLSA unpaid overtime claim as an "opt-in" collective action on behalf of themselves and similarly situated PPD dispatchers who file a consent to join under 29 U.S.C. § 216(b).

28. Defendant, through its agents and employees, implemented a common decision, policy, or plan to deny dispatchers overtime compensation for hours worked in excess of forty (40) hours per workweek.

29. PPD dispatchers seek relief on a collective basis challenging Defendant's policy and/or practice and the resulting failure to pay overtime.

30. Dispatchers were generally scheduled to work forty (40) hours per workweek.

31. Dispatchers routinely began working prior to the scheduled start of their shifts and continued working past the scheduled end of their shifts, which required dispatchers to work more than forty (40) hours during their workweeks.

32. Defendants recorded the hours dispatchers worked via a mechanical punch clock but did not record or properly utilize dispatchers' actual work time for payroll purposes.

33. Defendant commonly and inaccurately limited the time for which it paid dispatchers to the time dispatchers were scheduled to work.

34. Dispatchers, including Plaintiffs, regularly worked in excess of forty (40) hours per workweek.

35. Defendant was aware of the actual amount of time each dispatcher worked during the workweek based on the clock-in and clock-out times recorded on each dispatcher's weekly time sheet.

36. Defendant's management instructed that, for payroll purposes, dispatchers' scheduled time worked, rather than actual time worked, be utilized.

37. Defendant's management repeatedly told Plaintiffs and other dispatchers not to submit overtime or compensatory time requests for the time dispatchers worked before the scheduled start of their shifts.

38. Defendant's management repeatedly told Plaintiffs and other dispatchers not to submit overtime or compensatory time requests for the time dispatchers worked beyond the scheduled end of their shifts.

39.     Defendant's management implemented a decision, policy, or plan to deny dispatchers overtime compensation for hours worked in excess of forty (40) hours per workweek.[1]

40.     Plaintiffs were not paid overtime wages by Defendant for all hours worked in excess of forty (40) hours during each workweek.

41.     Dispatchers received compensatory time off in lieu of overtime pay for hours worked in excess of forty (40) hours during each workweek only if the extra hours were scheduled.

42.     Dispatchers did not receive compensatory time off or overtime pay for hours worked over forty (40) in a workweek for unscheduled hours actually worked, including time worked before and after the dispatchers' scheduled shifts.

43.     As a result of Defendant's pay practices, dispatchers regularly worked in excess of forty (40) hours per workweek without receiving overtime pay or compensatory time off.

44.     At all times relevant to this action, Defendant has been aware of the requirements of the FLSA and its corresponding regulations.  Despite this knowledge, Defendant failed to pay Plaintiffs statutorily required overtime compensation.

45.     Defendant failed to keep and retain accurate wage and hour records in violation of the FLSA.

46.     Defendant's failure to pay overtime compensation, as alleged herein, in violation of federal law, has been willful, intentional, knowing, arbitrary, unreasonable and/or in bad faith.

---

[1] The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee" and "employ" as "to suffer or permit to work," as these terms are broad and comprehensive in order to accomplish the remedial purposes of the FLSA. *United States v. Rosenwasser*, 323 U.S. 360, 362-63, (1945); 29 U.S.C. § 203(d), (g).

## COUNT I

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA
(Asserted By Plaintiffs Individually And On Behalf Of Those Similarly Situated)

47. Plaintiffs herein adopt and incorporate by reference, as if more fully set forth herein, the above-stated paragraphs.

48. The FLSA requires an employer to pay non-exempt employees who work in excess of forty (40) hours in a workweek one-and-one-half (1.5) times the employee's regular rate of pay for time worked in excess of forty (40) hours. *See* 29 U.S.C. § 207(a)(1).

49. Defendant was the employer of Plaintiffs and other PPD dispatchers.

50. Plaintiffs and other PPD dispatchers were employees of Defendant within the three (3) years preceding the filing of this lawsuit.

51. Defendant is subject to the pay requirements of the FLSA.

52. Plaintiffs and those similarly situated are entitled to the rights, protections, and benefits provided under the FLSA as non-exempt employees.

53. During all times material to this Complaint, Plaintiffs and those similarly situated were non-exempt employees entitled to overtime benefits.

54. Defendant violated the FLSA's overtime requirements by failing to compensate Plaintiffs and those similarly situated for overtime for hours worked in excess of forty (40) per workweek at a rate of one-and-one-half times the regular rate of pay.

55. Defendant willfully violated the FLSA by failing to pay Plaintiffs and those similarly situated overtime compensation, in that, Defendant knew or showed reckless disregard for whether their wage and hour practices constituted prohibited conduct under the FLSA.

56. Plaintiff is entitled to an award of liquidated damages. Defendants will not be able to meet its high burden of proving that it acted in good faith and with objectively reasonable

grounds for believing that its conduct was not in violation of the FLSA.

WHEREFORE Plaintiffs seek judgment against Defendant, individually and as a collective action, as follows: an Order certifying a collective action class of similarly situated Opt-in Plaintiffs; judgment against Defendant for violation of the overtime wage provisions of the FLSA; an award of unpaid overtime wages; determination that Defendant's FLSA violations were willful; imposition of liquidated damages; pre-judgment and post-judgment interest as provided by law; an award of reasonable attorneys' fees, litigation and court costs; incentive awards as appropriate; and such other and further relief as the Court deems fair and equitable under the circumstances.

## COUNT II

### BREACH OF CONTRACT
### (Asserted Individually By Plaintiffs)

57. Plaintiffs Donoho and Hodge incorporate by reference the preceding paragraphs as if fully stated herein.

58. Plaintiffs fulfilled their obligation of performing work for Defendant.

59. Defendant failed to pay Plaintiffs for all time worked, including time worked before and after Plaintiffs' scheduled shifts.

60. Defendant failed to compensate Plaintiffs for all time worked at the correct rate of pay.

61. This count does not apply to Defendant's failure to properly pay Plaintiffs and those similarly situated at the premium rate for hours worked over forty (40) per week.[2]

62. As a result of Defendant's breach, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs Deborah Donoho and Cassidy Hodge respectfully pray this

---

[2] Plaintiffs' claims for unpaid work time and wages in weeks in which they worked less than 40 hours in a workweek are commonly referred to as a gap time claims for unpaid straight time wages.

Court enter judgment in their favor and against Defendant the City of Pacific, Missouri; award them actual damages and costs; and for such other and further relief as the Court deems just and proper under the circumstances.

## **COUNT III**

### UNJUST ENRICHMENT
### (Asserted Individually By Plaintiffs)

63. Plaintiffs Donoho and Hodge incorporate by reference the preceding paragraphs as if fully stated herein.

64. Plaintiffs conferred benefits on Defendant resulting from their labor.

65. Defendant received such benefits conferred from Plaintiffs to Defendant.

66. Defendant acknowledged or recognized that Plaintiffs conferred sch benefits to Defendant.

67. Defendant retained the benefits of the labor provided by Plaintiffs while failing to compensate them for time worked by paying them for all time worked and with the correct amount of compensation.

68. Defendants accepted and retained said benefits in circumstances that render such retention unjust. .

69. Defendant has thereby been unjustly enriched and Plaintiffs have been damaged.

70. This count does not apply to Defendant's failure to properly pay Plaintiffs and those similarly situated at the premium rate for hours worked over forty (40) per week.

WHEREFORE, Plaintiffs Deborah Donoho and Cassidy Hodge respectfully pray this Court enter judgment in their favor and against Defendant the City of Pacific, Missouri; award them actual damages and costs; and for such other and further relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and those similarly situated hereby request a trial by jury of all issues so triable.

Respectfully Submitted,

By: _____/s/ Kevin J. Dolley_____
Kevin J. Dolley (E.D. Mo. #54132MO)
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis, MO 63144
(314) 645-4100 (office)
(314) 736-6216 (fax)
kevin@dolleylaw.com

*Attorney for Plaintiffs Deborah Donoho,
Cassidy Hodge and those similarly situated*