Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement ("Agreement") is entered into by and between Deborah Donoho ("Donoho"), Cassidy Hodge ("Hodge"), Paige Clark ("Clark"), Ashley Long ("Long"), Luke Myers ("Myers"), Samantha Sappington ("Sappington"), Laura Toombs ("Toombs"), and Valerie Woolfe ("Woolfe") (collectively, "Plaintiffs") and the City of Pacific, Missouri ("Pacific").

WHEREAS, Donoho and Hodge filed a Complaint on behalf of themselves and others similarly situated on February 6, 2019 in the United States District Court for the Eastern District of Missouri captioned *Deborah Donoho and Cassidy Hodge, et al. v. City of Pacific, Missouri*, Case No. 4:19-CV-186-NAB ("the Lawsuit").

WHEREAS, Donoho and Hodge asserted a claim for unpaid overtime under the Fair Labor Standards Act ("FLSA") in Count I on behalf of themselves and others similarly situated. Clark, Long, Myers, Sappington, Toombs, and Woolfe subsequently executed consents and were added as FLSA Opt-in Plaintiffs to the Lawsuit.  Further, Donoho and Hodge asserted individual claims for breach of contract and unjust enrichment for unpaid straight time wages under Missouri law in Counts II and III.

WHEREAS, the parties have agreed to settle and compromise all remaining claims and now wish to reduce their agreement to writing.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, Pacific and Plaintiffs agree as follows:

1.      The Effective Date of this Agreement shall be the date upon which all parties have executed this Agreement.

2.      In consideration of the promises made by Plaintiffs as set forth below, Pacific shall pay a total of fifty thousand dollars ($50,000.00) to Plaintiffs and their attorneys as set forth herein:

a) Two thousand five hundred ten dollars and eighteen cents ($2,510.18) by check made payable to Named Plaintiff **Deborah Donoho** for her unpaid overtime and straight time wages which will be reported on IRS Form W-2; an additional amount of two thousand one hundred fifty seven dollars and forty cents ($2,157.40) by check made payable to Deborah Donoho for non-wage damages and for which IRS Form 1099 shall issue; and an additional amount of two thousand five hundred dollars ($2,500.00) by check made payable to Deborah Donoho for a service award for being a class representative and for which IRS Form 1099 shall issue, if required by law;

b) One thousand one hundred dollars and twenty seven cents ($1,100.27) by check made payable to Named Plaintiff **Cassidy Hodge** for her unpaid overtime and straight time wages which will be reported on IRS Form W-2; an additional amount of seven hundred fifty eight dollars and ninety one cents ($758.91) by check made payable to Cassidy Hodge for non-wage damages and for which IRS Form 1099 shall issue; and an additional amount of two thousand five hundred dollars ($2,500.00) by check made payable to Cassidy Hodge for a service award for being a class representative and for which IRS Form 1099 shall issue, if required by law;

c) One thousand sixty eight dollars and ten cents ($1,068.10) by check made payable to **Paige Clark** for her unpaid overtime wages which will be reported on IRS

Form W-2, and an additional amount of one thousand sixty eight dollars and ten cents ($1,068.10) by check made payable to Paige Clark for non-wage damages and for which IRS Form 1099 shall issue, if required by law;

d) One thousand thirty dollars and two cents ($1,030.02) by check made payable to **Ashley Long** for her unpaid overtime wages which will be reported on IRS Form W-2, and an additional amount of one thousand thirty dollars and two cents ($1,030.02) by check made payable to Ashley Long for non-wage damages and for which IRS Form 1099 shall issue, if required by law;

e) Eight hundred eighty six dollars and ninety six cents ($886.96) by check made payable to **Luke Myers** for his unpaid overtime wages which will be reported on IRS Form W-2, and an additional amount of eight hundred eighty six dollars and ninety six cents ($886.96) by check made payable to Luke Myers for non-wage damages and for which IRS Form 1099 shall issue, if required by law;

f) One thousand one hundred nineteen dollars and ninety four cents ($1,119.94) by check made payable to **Samantha Sappington** for her unpaid overtime wages which will be reported on IRS Form W-2, and an additional amount of one thousand one hundred nineteen dollars and ninety four cents ($1,119.94) by check made payable to Samantha Sappington for non-wage damages and for which IRS Form 1099 shall issue, if required by law;

g) Two hundred fifty dollars and zero cents ($250.00) by check made payable to **Laura Toombs** for her unpaid overtime wages which will be reported on IRS Form W-2, and an additional amount of two hundred fifty dollars and zero cents

($250.00) by check made payable to Laura Toombs for non-wage damages and for which IRS Form 1099 shall issue, if required by law;

h) Two hundred fifty dollars and zero cents ($250.00) by check made payable to **Valerie Woolfe** for her unpaid overtime wages which will be reported on IRS Form W-2, and an additional amount of two hundred fifty dollars and zero cents ($250.00) by check made payable to Valerie Woolfe for non-wage damages and for which IRS Form 1099 shall issue, if required by law;

i) Twenty-nine thousand two hundred sixty three dollars and twenty cents ($29,263.20) by check made payable to the **Law Offices of Kevin J. Dolley, LLC** for which an IRS Form 1099 shall issue, if required by law.

Each Plaintiff and their attorneys, the Law Offices of Kevin J. Dolley, will execute and provide federal W-9 forms to Pacific.

3.      Defendant is responsible for the entire cost of Leonard Frankel's mediation fees. Except as provided in paragraphs 2. i) and 3., each party shall bear their own costs and attorney's fees.

4.      As a condition of payments of the sums set forth above, within fourteen (14) days of the Effective Date of this Agreement, Plaintiffs will file for settlement approval to dismiss with prejudice their claims asserted against Pacific in the Lawsuit, with each party to bear its own costs.

5.      Within fourteen (14) days of the date the Court approves this Agreement and dismisses Plaintiff's claims, Pacific will deliver all payments as set forth above to the Law Offices of Kevin J. Dolley, LLC, 2726 S. Brentwood Blvd., St. Louis, MO 63144.   Pacific will issue Form 1099s and W-2s as applicable.

6.        Plaintiffs understand and agree that they are responsible for payment of their respective portion of any taxes which are required to be paid to the State of Missouri, the United States Government, or any other entity as a result of this settlement. Plaintiffs acknowledge that no representations regarding the tax consequences of the Settlement Payments have been made by Pacific or its counsel.

7.        Named Plaintiffs' Release:  In consideration  of the payments to Named Plaintiffs Donoho and Hodge contemplated in Paragraph 2 of this Agreement for service awards for being class representatives, Donoho and Hodge irrevocably and unconditionally release, acquit, and forever discharge Pacific from any and all claims, charges, demands, causes of action, liabilities, and legal obligations of any nature which they now have or claim to have, whether individually or as a member of a class or collective action class, including but not limited to compensatory, punitive, and liquidated damages, back and front pay, costs, expenses, attorneys' fees, interest and remedies of any type, whether or not Donoho and/or Hodge currently know of them, that Donoho and/or Hodge or may have as of the Effective Date of this Agreement, by reason of any matter, cause, action or omission, including but not limited to those arising out of or in connection with Donoho and/or Hodge's employment with, termination, and/or separation from Pacific, including without limiting the generality of the foregoing, any and all claims, demands, actions, or causes of action or the like under the Civil Rights Act of 1866, 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and any amendments thereto; the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*, and any amendments thereto; The Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq.*, and any amendments thereto; the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and any amendments thereto; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, and any amendments thereto;

5

the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and any amendments thereto; the Missouri

Human Rights Act, Mo. Rev. Stat. §213.010, *et seq.*, and any amendments thereto; Section 301

of the Labor Management Relations Act, 29 USC §185; The Missouri Service Letter Act §

290.140 RSMo; and any other federal, state or local law or regulation regarding employment,

payment of wages or overtime, hiring or termination of employment, discrimination in

employment, and the law or common law of any state or the federal government, including, but

not limited to, claims for wrongful discharge, intentional infliction of emotional distress, breach

of express or implied contract, breach of collective bargaining contract, retaliation including but

not limited to workers' compensation retaliation, fraud, misrepresentation, assault, battery,

promissory estoppel, and for any claims involving or sounding in a contract or tort, violation of

public policy, whistle blower claims, breach or interference with contract or involving any other

matter.  Donoho and Hodge understand that the above language specifically releases Pacific from

any liabilities for discrimination or violations of law on account of such things as disability, sex,

race, religion, national origin, retaliation, and unpaid overtime.

8.      Donoho ADEA Release: Donoho is not aware of any claims which she has or

might have pursuant to the Age Discrimination in Employment Act (ADEA), but she does not

release such claims, if any exist.

9.      Opt-In Plaintiffs' Release:  In consideration  of the payments contemplated in

Paragraph 2 of this Agreement, Clark, Long, Myers, Sappington, Toombs, and Woolfe do hereby

forever release and waive any and all claims, counts, causes of action and demands of every kind

and nature against Pacific existing as of the date of this Agreement raised in or related to the

Lawsuit or arising out of the same facts alleged in the Lawsuit.

10.     This Agreement is not and should not be construed as an admission of liability by Pacific, or anyone else.

11.     This Agreement is a final and binding contract.  Pacific and Plaintiffs have made no representation, agreement or promise to do or to not do anything other than the representations, agreements and promises stated herein.  The parties to this Agreement are not relying upon any communication, act, or omission, but rather are relying only on the specific statements in this Agreement, which may not be changed by any oral statement or agreement. Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12.     The parties agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument once all parties have signed.

13.     Plaintiffs agree they have had adequate opportunity to consider and review this Agreement and have discussed it with their attorney(s).  Plaintiffs have carefully read this Agreement, have no more questions about it, and understand the meaning and effect of this Agreement.  Plaintiffs agree they are entering into this Agreement voluntarily and to their benefit.

14.     The parties agree this Agreement shall be governed and interpreted by and under the laws of the State of Missouri.

IN WITNESS WHEREOF, the parties have caused this Agreement to be signed and executed.


**CITY OF PACIFIC, MISSOURI**

_Steven S. Myers_
Print Name

_Mayor_
Position

_(signature)_
Signature

_September 30, 2019_
Date

8

**DEBORAH DONOHO**

*Deborah A. Donoho*
Signature

9-25-2019
Date

**CASSIDY HODGE**

_____
Signature

_____
Date

**PAIGE CLARK**

_____
Signature

_____
Date

**ASHLEY LONG**

_____
Signature

_____
Date

9

**DEBORAH DONOHO**

_____
Signature

_____
Date

**CASSIDY HODGE**

CHodge
_____
Signature

9-25-19
_____
Date

**PAIGE CLARK**

_____
Signature

_____
Date

**ASHLEY LONG**

_____
Signature

_____
Date

9

**DEBORAH DONOHO**

_____

Signature

_____

Date

**CASSIDY HODGE**

_____

Signature

_____

Date

**PAIGE CLARK**

Paige E Clark
_____

Signature

9-26-19
_____

Date

**ASHLEY LONG**

_____

Signature

_____

Date

9

Case: 4:19-cv-00186-NAB   Doc. #:  32-1   Filed: 10/10/19   Page: 12 of 16 PageID #: 115

**DEBORAH DONOHO**

_____
Signature

_____
Date

**CASSIDY HODGE**

_____
Signature

_____
Date

**PAIGE CLARK**

_____
Signature

_____
Date

**ASHLEY LONG**

_____
Signature

_____
09-26-19
Date

9

**LUKE MYERS**

Signature

9-26-19

Date

**SAMANTHA SAPPINGTON**

Signature

Date

**LAURA TOOMBS**

Signature

Date

**VALERIE WOOLFE**

Signature

Date

10

**LUKE MYERS**

_____

Signature

_____

Date

**SAMANTHA SAPPINGTON**

_____

Signature

_____

Date

**LAURA TOOMBS**

_Laura Toombs_
Signature

Sep. 25, 2019
Date

**VALERIE WOOLFE**

_____

Signature

_____

Date

10

**LUKE MYERS**

_____
Signature

_____
Date

**SAMANTHA SAPPINGTON**

_____
Signature

_____
Date

**LAURA TOOMBS**

_____
Signature

_____
Date

**VALERIE WOOLFE**

_Valerie Woolfe_
Signature

9-30-19
Date

10

**LUKE MYERS**

_____

Signature


_____

Date


**SAMANTHA SAPPINGTON**

Samantha Sappington
Signature


10 - 1 - 19
Date


**LAURA TOOMBS**

_____

Signature


_____

Date


**VALERIE WOOLFE**

_____

Signature


_____

Date


10