# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH DONOHO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-186 NAB |
| ) | |
| CITY OF PACIFIC, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Approval of FLSA Settlement. [Doc. 31.] Plaintiffs, former employees of the City of Pacific, Missouri, filed this action as a collective action under 29 U.S.C. § 201. Plaintiffs alleged that Defendant failed to pay them for overtime. Plaintiffs also brought state law claims for breach of contract and unjust enrichment. The Court conditionally certified the class for a collective action on April 4, 2019. The parties reached a settlement in this action on all claims. Plaintiffs request that the Court enter an order to approve the FLSA portion of the settlement agreement as fair and reasonable, approve Plaintiffs' FLSA attorney's fees in the amount of $29,263.20, and dismiss this case with prejudice.

The Court first notes that "the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class." *King v. Raineri Const., LLC*, No. 4:14-CV-1828 CEJ, 2015 WL 631253, at *1 (E.D. Mo. Feb. 12, 2015). Nonetheless, because declining to review the proposed settlement agreement would leave the parties in an uncertain position, the Court will review the settlement's FLSA-related terms for fairness. *Id*. The Court's review "is properly limited only to those terms precisely addressing the compromised

monetary amounts to resolve pending wage and overtime claims." *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 134 (D.D.C. 2014).

A district court may only approve an FLSA settlement agreement after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Fry v. Accent Mktg. Servs. L.L.C.*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). A settlement is bona fide if it reflects a reasonable compromise over issues, actually in dispute, since employees may not waive their entitlement to minimum wage and overtime pay under FLSA. Here, the parties exchanged written discovery and Plaintiffs' counsel conducted a detailed review and analysis of each Plaintiff's time sheets and payroll records, along with other documents produced by the Defendant. At the time of mediation, the parties possessed disputes as to whether Plaintiffs performed compensable work during the periods before and after their scheduled shifts during which they were clocked in, whether Defendants directed Plaintiffs to perform work before and after their scheduled shifts, the amount of overtime worked by Plaintiffs, how any unpaid overtime damages should be calculated and whether the facts and law supported Plaintiffs' claims to liquidated damages for willful violation of the FLSA. Therefore, the Court finds that this action involves a bona fide dispute with regard to Plaintiffs' claims for failure to pay overtime wages under § 216(b) of the FLSA.

To determine whether a proposed settlement is fair and equitable, courts consider the totality of the circumstances. "[F]actors a court may consider include the stage of the litigation and amount of discovery exchanged, the experience of counsel, the probability of plaintiffs' success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of arm's length negotiations between represented parties

based on the merits of the case." *King*, 2015 WL 631253, at *2. In making a fairness determination, courts "should be mindful of the strong presumption in favor of finding a settlement fair." *Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (noting that "the Court is generally not in as good a position as the parties to determine the reasonableness of a FLSA settlement") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

Considering the totality of the circumstances, the Court finds that the proposed settlement is fair and equitable to all parties. The settlement comes after a period of mediation. Plaintiffs' counsel conducted a detailed review of the wage and hour and personnel records for each Plaintiff for each day worked during the class period. Counsel determined the precise number of hours each dispatcher worked each workweek and then compared each dispatcher's hours worked to Defendant's payroll records to calculate the number of unpaid hours during each workweek. According to the parties, each Plaintiff is recovering 100% of the amount owed for unpaid overtime and liquidated damages through the settlement agreement. The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims, yet the litigation is not so advanced that the parties will not realize significant benefits by settling before filing dispositive motions and proceeding to trial. The parties have been represented by competent counsel and the settlement reflects a compromise based on the merits of Plaintiffs' claims. Therefore, the Court finds no basis to doubt that the settlement is fair and equitable to all parties.

The parties also request that the Court approve the attorney's fees award to Plaintiffs' counsel in the amount of $29,263.20. The Eighth Circuit recently held that "any authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled

attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). "When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Barbee*, 927 F.3d at 1027. Therefore, the statute does not require approval of settled attorney's fees. *Id.* The Court does retain the authority, however, to ensure the attorney's fees were in fact negotiated separately without regard to the plaintiff's FLSA claim, and there was not a conflict of interest between the attorney and his or her client. *Barbee*, 927 F.3d at 1027 n. 1. Because the agreed fees are not so disproportionately exorbitant alone to indicate collusion when compared to the compensation paid to Plaintiffs, the settlement agreement- including attorney's fees- will be approved without inquiry or comment into the reasonableness of the attorneys' fees. *Kappelmeier v. Wil-Shar, Inc.*, No. 5:18-CV-05181, 2019 WL 4229686 at *2 (W.D. Ark. Sept. 4, 2019).

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion for Approval of FLSA Settlement is **GRANTED**. [Doc. 31.]

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** in its entirety. Each party will bear its own costs and fees except as otherwise provided for in the settlement agreement.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of October, 2019.